IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ZACH MAUPIN,                              )
                                          )
        Plaintiff,                        )
    v.                                    )
                                          )    Cause Number:    3:23CV-159-DJH
JEFFERSON COUNTY PUBLIC                    )
SCHOOLS,                                  )
                                          )
        Defendant.                        )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      Plaintiff, Zach Maupin ("Maupin" or "Plaintiff"), by counsel, brings this action

against Defendant, Jefferson County Public Schools ("Defendant") alleging violations of Title

VII of the Civil Rights Act ("Title VII") and the Kentucky Civil Rights Act ("KCRA").

### II.   PARTIES

2.      Maupin is a resident of Bullitt County, Kentucky which is within the geographical

boundaries of the Western District of Kentucky.

3.      Defendant maintains offices and conducts business within the geographical

boundaries of the Western District of Kentucky.

### III.  JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation

pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5(f)(e).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and

KRS 344.030(2).

6.      Maupin is an "employee" as that term is defined by 42 U.S.C. §2000e(f) and KRS 344.030(5).

7.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

8.      Maupin exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and the Indiana Civil Rights Commission. Maupin received his Notice of Suit Rights for the Charge of Discrimination and timely files this action.

## IV. FACUTAL ALLEGATIONS

9.      Maupin, Caucasian, began working for the Defendant in or around 2012 on a part time basis.

10.     In or around 2015, Maupin was hired full time as a Helper.

11.     In or around 2017, Maupin was promoted to Maintenance Tech.

12.     In or around early 2018, Maupin was promoted to a Lead Journeyman.

13.     In or around late 2018, Maupin was promoted to Foreman, where he has remained since.

14.     At all relevant times, Maupin has met and/or exceeded Defendant's legitimate performance expectations.

15.     In or around November 2021, two positions for Defendant opened - Specialist and Coordinator. Maupin applied for the Specialist Position and was granted an interview. Maupin did not receive the position.

16.     In or around November 2021, Maupin was told by Defendant's Director, Donald Robinson ("Robinson"), who is African American, that Maupin could not interview for the Coordinator position because of a minimal requirement he did not meet. Despite being able to perform the job duties and responsibilities for the position.

17.     In or around November 2021, Maupin made a request to have the minimum requirements for the Coordinator position to be modified, an action Defendant has taken in the past for the various positions.

18.     In or around November 2021, Defendant tasked Maupin with filling the Maintenance Technician position. In this role, Maupin had the ability to review applicant resumes and interviewed applications for the department.

19.     While in this role, Maupin became aware that Robinson would intentionally remove Caucasian applicant's resumes from consideration for various positions in the department. When Maupin asked Robinson why he would remove Caucasian applicants from consideration, Robinson refused to provide a reason.

20.     In or around November 2021, Maupin was informed by a co-worker that Defendant was going to hold a vote on changing the minimum requirements for the Coordinator position at the next board meeting. Robinson had not informed Maupin of this anticipated change, which would have requalified Maupin for the position.

21.     After the change to the minimum requirement, Maupin reapplied for the Coordinator position and received an interview. Maupin did not receive this position.

22.     In or around November 2021, when asked why he was bypassed for both the Specialist and Coordinator positions, Robinson stated that he wanted to pursue and select an "external" applicant. At that point, Maupin had performed both positions.

23.    In or around December 2021, Shawn Blackston ("Blackston"), who is African American, was selected for the Specialist position and Desmond Duncan ("Duncan"), who is African American, was selected for the Coordinator position.

24.    Maupin was bypassed for both positions. Robinson acknowledged that neither Blackston nor Duncan were more knowledgeable or skillful than Maupin, and neither had a better resume.

25.    Once Blackston and Duncan were hired, Maupin was demoted back to his previous Foreman position with less pay. Despite these new hires and his demotion, Maupin continued to perform the job duties of the Coordinator and Specialist.

26.    The reason provided by Robinson for not considering and promoting Maupin to the role(s) of Specialist and/or Coordinator is pretextual for race discrimination.

27.    Defendant has engaged in and continues to engage in discriminatory hiring practices/actions. Including but not limited to the following individuals;

    a.    Rachel Thomas, a Current or Former Caucasian employee for Defendant;

    b.    Dorothy Garrison, a Current or Former Caucasian employee for Defendant;

    c.    Lou Green, a Current or Former Caucasian employee for Defendant;

    d.    Michelle Evans, a Current or Former Caucasian employee for Defendant; and

    e.    Silas Brunfield, a Current or Former Caucasian employee for Defendant.

28.    In or around January/February 2022, Maupin Complained to Defendant about Robinsons' discriminatory behavior.

29.    In or around March 2022, Maupin had hernia surgery. Upon his return, his office key had been changed, his work truck was taken away, and he was moved from his office/shop to a cubicle position. He was told he was being moved to an administrative position and would

4

be in charge of building modifications and other administrative duties. During this period,

Maupin did not have an official title, contract, or schedule.

30.     In or around April 2022, Maupin requested a new contract with an official title,

schedule, and description of his job duties/pay.  Up until 2022, this was Defendant's regular

practice when it come to Maupin's contract renewals. To date, Defendant has failed to provide

this information.

31.     On or around July 7, 2022, Maupin had all of his things removed from his office,

placed in an office with no A/C, and was not notified that he was being moved prior.

32.     On or around July 11, 2022, Maupin filed his initial Charge with the EEOC.

33.     On or around July 15, 2022, Blackston informed Maupin that he was being moved

from the General Maintenance Department to the Plumbing Department. Maupin's was assigned

to James Jones ("Jones"), who is African American, as his new Supervisor.

34.     On or around July 18, 2022, Blackston confronted Maupin in the office.

Blackston taunted Maupin in the hopes of getting a reaction from him so that he could be

disciplined.

35.     Despite being told that he was not being disciplined nor under investigation,

Maupin consistently lost access to the general maintenance area and management parking area

without explanation.

36.     On or about July 26, 2022, Blackston gave Maupin a failing Performance

Evaluation and accused Maupin of engaging in "unprofessional conduct."  Blackston threatened

to terminate Maupin if he did not, "put an end to the rebellious stand [he had] taken with

[Defendant's] new leadership positions."

37.     Since filing his initial EEOC Charge, Maupin learned of various performance issues concerning Blackston. Including but not limited to:

    a.   Blackston regularly left early and did not work his full shift;

    b.   Blackston allowed African American employees to use sick and/or emergency leave days but did not do the same for Caucasian employees; and

    c.   Blackston has bullied, intimidated, and been combative with Caucasian employees.

38.     Maupin is currently paid as a Foreman at $73,0000.00/year. Until August 2022, Maupin performed the job duties and responsibilities of a Specialist, which is paid and estimated rate of pay of $130,000.00/year, and Coordinator, which is paid an estimated rate of pay of $83,000.00/year.

39.     Maupin has been harmed as a result of Defendant's actions.

## V. CAUSES OF ACTION

### COUNT 1: TITLE VII & KCRA – RACE DISCRIMINATION

40.     Maupin hereby incorporates by reference paragraphs one (1) through thirty-nine (39) of his Complaint as if the same were set forth at length herein.

41.     Defendant discriminated against Plaintiff based on his race by subjecting him to disparate treatment.

42.     Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's legal rights.

43.     Defendant's unlawful actions violated Plaintiff's rights as protected by Title VII and the KCRA.

44.     Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT II: TITLE VII & KCRA – RETALIATION

45.     Maupin hereby incorporates by reference paragraphs one (1) through forty-four (44) of his Complaint as if the same were set forth at length herein.

46.     Maupin engaged in an activity protected by Title VII and the KCRA by filing multiple complaints of discrimination and/or harassment.

47.     Maupin's exercise of protected rights was known by Defendant.

48.     Defendant took an adverse employment action against Maupin by demoting him.

49.     Defendant retaliated against Maupin.

50.     Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's legal rights.

51.     Defendant's unlawful actions violated Plaintiff's rights as protected by Title VII and the KCRA.

52.     Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Zach Maupin, respectfully requests that this Court enter judgement in his favor and award him the following relief:

1.      All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2.      Reinstate Plaintiff to his previous position with the same seniority, benefits, and duties he previously held, or award front pay in lieu thereof;

3.      Enjoin Defendant from discriminating against anyone else based on their race;

4.      Award compensation for any and all other damages suffered as a consequence of

Defendant's unlawful actions;

5.      Award compensatory damages under Title VII and the KCRA:

6.      Award punitive damages under Title VII and the KCRA:

7.      Award all costs and attorney's fees incurred as a result of bringing this action;

8.      Award pre- and post-judgement interest on all sums recoverable; and

9.      All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

*/s/ Taylor J. Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991.4765
Facsimile:    (812) 424.1005
Email:        tferguson@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Zach Maupin, by counsel, requests a trial by jury on all issues deemed so

triable.

Respectfully Submitted,

*/s/ Taylor J. Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991.4765
Facsimile:    (812) 424.1005
Email:        tferguson@bdlegal.com